## UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD., JA SOLAR CO., LTD. (A.K.A. JINGAO SOLAR CO., LTD.) AND JA SOLAR (XINGTAI) CO., LTD., ) ) ) ) ) ) |
| Plaintiffs, ) |
| ) | Ct. No. 22-00232 |
| v. ) |
| UNITED STATES, ) ) ) |
| Defendant. ) ) |

### COMPLAINT

Plaintiffs JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd., JA Solar Co., Ltd. (a.k.a. JingAo Solar Co., Ltd.) and JA Solar (Xingtai) Co., Ltd. (collectively "JA Solar"), by and through their counsel, allege as follows:

### I.   PROCEEDING UNDER REVIEW

1.   This action seeks judicial review of certain aspects of the final results of the eighth administrative review of the countervailing duty ("CVD") order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China ("China") conducted by the Department of Commerce ("Commerce").  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019, 87 Fed. Reg. 40,491 (Dep't of Commerce July 7, 2022) ("Final Results"), and accompanying Issues and Decision Mem. ("Final I&D Mem."), amended by Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Notice of Amended Final Results of Countervailing Duty Administrative Review; 2019, 87 Fed. Reg. 50,069

(Dep't of Commerce Aug. 15, 2022) ("Am. Final Results").  The review in question covers entries of crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), during the period January 1, 2019 through December 31, 2019.

## II.     JURISDICTION AND STANDARD OF REVIEW

2. JA Solar brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i) and 516A(a)(2)(B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i), (a)(2)(B)(iii).

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i), (B)(iii) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i), (B)(iii).

4. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## III.     STANDING

5. JA Solar consists of foreign producers and exporters of the subject merchandise who were, collectively, selected as a mandatory respondent during the CVD administrative review. JA Solar is, therefore, an "interested party" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

6. Accordingly, JA Solar has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## IV.     TIMELINESS OF THIS ACTION

7. On July 7, 2022, Commerce published the Final Results in the Federal Register.

8. JA Solar filed a summons to initiate this case on August 5, 2022, within 30 days of the publication in the Federal Register of the Final Results. See Summons (Aug. 5, 2022), ECF No. 1. This complaint is being filed within 30 days after the date on which the summons was filed.[1]

9. Thus, JA Solar's summons and complaint are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(iii) and USCIT R. 3(a)(2), 6(a).

## V.    STATEMENT OF FACTS

10. Commerce initiated the CVD investigation of solar cells from China on November 16, 2011, following the filing of the petition on October 19, 2011. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of CVD Investigation, 76 Fed. Reg. 70,966 (Dep't of Commerce Nov. 16, 2011). The International Trade Commission ("Commission") simultaneously conducted its investigation. See Crystalline Silicon Photovoltaic Cells and Modules From China; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations, 76 Fed. Reg. 66,748 (Int'l Trade Comm'n Oct. 27, 2011).

11. On December 7, 2012, Commerce issued a CVD order on solar cells from China following an affirmative CVD determination and an affirmative injury determination by the Commission. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: CVD Order, 77 Fed. Reg. 73,017 (Dep't of Commerce Dec. 7, 2012).

---

[1] The original 30-day deadline fell on September 4, 2022, which is a Sunday. This complaint is filed on the next business day, accounting for the Labor Day holiday, on September 6, 2022. See USCIT Rule 6 (setting forth that when accounting for deadlines parties are to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

12. In December 2020, certain interested parties requested that Commerce conduct an administrative review of the CVD order on solar cells from China. On February 4, 2021, Commerce initiated the eighth administrative review of the CVD order covering the period January 1, 2019 through December 31, 2019. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 86 Fed. Reg. 8,166 (Dep't of Commerce Feb. 4, 2021).

13. On March 29, 2021, Commerce selected two mandatory respondents: (1) JA Solar Technology Yangzhou Co., Ltd. and (2) Risen Energy Co., Ltd. ("Risen"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review and Intent To Rescind, in Part; 2019, 87 Fed. Reg. 748 (Dep't of Commerce Jan. 6, 2022) ("Prelim. Results"), and accompanying Dec. Mem. at 3 ("Prelim. I&D Mem.").

14. Between March 25, 2021 and October 29, 2021, JA Solar timely submitted answers to Commerce's CVD Questionnaire and supplemental questionnaires. See Prelim. I&D Mem. at 3-4.

15. On November 17, 2021, JA Solar timely submitted benchmark data. See id. at 6, n.45. On November 29, 2021, JA Solar submitted rebuttal factual information. Id. at 5, n. 46. On December 9, 2021, JA Solar submitted a revised version of the rebuttal factual information. Id. at 5, n. 48. On December 21, 2021, upon Commerce's request, JA Solar submitted a final revised version of its rebuttal factual information submission. Id. at 5, n. 50.

16. On May 16, 2022, JA Solar submitted a case brief for Commerce's consideration prior to issuing the Final Results. See Final I&D Mem. at 4, n. 21. JA Solar made various arguments for Commerce's consideration, including contesting Commerce's treatment of the Export Buyer's Credit Program ("EBCP") and the Tax Exemptions under Article 26(2) of the

Enterprise Income Tax Law Program ("Article 26(2) Tax Exemption Program"), as well as Commerce's benefit calculations concerning the provision of land for LTAR program ("land program"). See id. at Cmts. 1, 17-18, 20. On May 23, 2022, JA Solar submitted a rebuttal case brief. See id. at 4, n. 26.

17. On July 7, 2022, Commerce published the Final Results, calculating a CVD rate of 18.58 percent for JA Solar. Final Results, 87 Fed. Reg. at 40,492. On August 15, 2022, in response to allegations of ministerial errors, Commerce published Amended Final Results. See Am. Final Results, 87 Fed. Red. 50,070. Commerce amended the CVD rate to 18.55 percent for JA Solar. See id.

18. In the Final Results, Commerce used adverse facts available ("AFA") to impute a benefit under the EBCP to JA Solar, even though no information is missing on the record because a cooperating JA Solar reported that its sole affiliated importer customer, JA Solar USA, Inc, did not receive support through this mechanism. See Final I&D Mem. at Cmt. 1.

20. To construct its benchmark to measure the benefit received under the land program, Commerce averaged the 2010 "Asian Marketview" report by CB Richard Ellis ("2010 CBRE Report") prices and the Malaysian Investment Development Authority (MIDA) Report prices. See id. at Cmt. 17. Commerce continued to use the grossly outdated 2010 CBRE Report, while the Court remanded Commerce's use of the 2010 CBRE Report in the 2017 administrative review. See id.

21. In the Final Results, Commerce agreed with JA Solar that benefits from land leases are recurring benefits. See id. at Cmt. 18. Commerce used the lease rates for factories in Bangkok from the 2010 CBRE Report to measure the benefits from JA Solar's reported land leases. See id. Commerce, however, denied JA Solar's request to expense the benefits of the 2017 land leases

reported in the 2017 administrative review, even though Commerce treated benefits from land leases as a recurring program. See id. Commerce also did not respond to, and effectively rejected, JA Solar's proposal to use 1/50th of the land benchmark price for the land leases. See id. Commerce also refused to re-calculate the land benefits allocable to 2019 from the allocation streams calculated in the 2017 review to reflect Commerce's new benchmark prices. See id. Commerce found that the benefit streams had already been established. See id.

22. In the Final Results, Commerce determined that the Article 26(2) Tax Exemption Program is specific because the recipients are limited by law to certain enterprises. See id. at Cmt. 20. Further, Commerce determined that the Tax Exemption program provides a financial contribution even though it was designed to avoid double taxation. See id. Finally, Commerce determined that benefits from this program are recurring. See id.

## VI.   STATEMENT OF THE CLAIMS

### COUNT I

23. JA Solar herein incorporates by reference paragraphs 1 through 22, supra, of this complaint.

24. Commerce's decision to impute a benefit to JA Solar under the EBCP, based on the application of AFA to the GOC, was not based on substantial evidence and was otherwise not in accordance with law.

### COUNT II

25. JA Solar herein incorporates by reference paragraphs 1 through 24, supra, of this complaint.

26. Commerce's decision to include the 2010 CBRE Report to calculate the benefits for the land program, was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT III

27. JA Solar herein incorporates by reference paragraphs 1 through 26, supra, of this complaint.

28. Commerce's decision to use the lease rates from the 2010 CBRE Report to calculate the benefits for JA Solar's reported leases, instead of the $1/50^{th}$ of the land benchmark proposed by JA Solar to account for a one-year lease period out of the 50 years of the land-use right, was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT IV

29. JA Solar herein incorporates by reference paragraphs 1 through 28, supra, of this complaint.

30. Commerce's decision not to expense the benefits of the 2017 land leases reported in the 2017 administrative review, when Commerce treated benefits of land leases as a recurring program, was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT V

31. JA Solar herein incorporates by reference paragraphs 1 through 30, supra, of this complaint.

32. Commerce's decision not to re-calculate the land benefits allocable to 2019 from the allocation streams calculated in the 2017 review to reflect Commerce's newly selected benchmark source in the current review, was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT VI

33.     JA Solar herein incorporates by reference paragraphs 1 through 32, supra, of this complaint.

34.     Commerce's decision to treat the Article 26(2) Tax Exemption Program as countervailable, when the program is not specific and does not provide a financial contribution, was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT VII

35.     JA Solar herein incorporates by reference paragraphs 1 through 34, supra, of this complaint.

36.     Commerce's decision to treat the benefits under the Article 26(2) Tax Exemption program as recurring, when a company normally would not receive an exemption on an ongoing basis from year to year, was not supported by substantial evidence and was otherwise not in accordance with law.

### DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, JA Solar respectfully prays that this Court:

(1) find that Commerce's actions as described in Counts I-VII are unsupported by substantial evidence and otherwise not in accordance with law;

(2) order Commerce to recalculate the CVD subsidy rate assigned to JA Solar in the administrative review by correcting the errors set forth in Counts I-VII;

(4) order Commerce to publish amended Final Results in the Federal Register in accordance with a final decision by this Court in this matter;

(5) order Commerce to issue liquidation instructions to U.S. Customs and Border Protection consistent with this Court's decision; and

(6) provide such other relief as this honorable Court deems proper.

                                              Respectfully submitted,

                                              /s/ Jeffrey S. Grimson
                                              Jeffrey S. Grimson
                                              Sarah M. Wyss
                                              Bryan P. Cenko
                                              Yixin (Cleo) Li
                                              Jacob M. Reiskin
                                              Mowry & Grimson, PLLC
                                              5335 Wisconsin Avenue, Suite 810
                                              Washington, DC 20015
                                              202-688-3610
                                              trade@mowrygrimson.com
Date: September 6, 2022                       *Counsel to JA Solar*